UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROGER EMERICK,<br>  Plaintiff,<br><br>  v.<br><br>STATE OF CONNECTICUT, et al.,<br>  Defendant. | No. 3:18-cv-01766 (SRU) |

## ORDER

  Roger Emerick filed a *pro se* lawsuit, on October 26, 2018, against Judge A. Susan Peck, Judge Antonino Robaina, and various Connecticut state agencies (collectively, "Defendants"). *See* Doc. No. 1. On March 6, 2020, I granted the Defendants' motion to dismiss in a written ruling. *See* Doc. No. 32. On March 16, 2020, Emerick filed a motion to amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), raising three issues with the dismissal. Because Emerick essentially seeks to overturn my order of dismissal, I construe the motion as a motion for reconsideration.

  The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Barnett v. Connecticut Light & Power Co.,* 967 F. Supp. 2d 593, 596 (D. Conn. 2013), *aff'd,* 580 F. App'x 30 (2d Cir. 2014) (citation omitted). A motion for reconsideration may not be used to "advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Connecticut Com'r of Labor v. Chubb Grp. of Ins. Companies*, 2013 WL 836633, at *1 (D.

Conn. Mar. 6, 2013), *aff'd McMahon v. Chubb Grp. of Ins. Companies,* Case No. 13-1244 (Feb. 3, 2014) (citations omitted).

Emerick first claims that, due to "the magnitude of the judicial misconduct" and because his "life was terribly and unjustly damaged," Judge Robaina and Judge Peck "should not be protected by reliance on judicial immunity." *See* Doc. No. 34 at 2–3. Emerick also asserts that I erred in applying judicial immunity to his conspiracy claim under 42 U.S.C.§ 1985 and that he has therefore adequately established a conspiracy claim. *See* Doc. No. 34 at 4.

With respect to those arguments, Emerick does not point to any changes in the controlling law and does not assert the availability of new evidence. Rather, Emerick merely seeks to advance a new argument that his case is distinguished from the other cases applying judicial immunity based on "the magnitude of judicial misconduct" and "wuthering negative impact" that such conduct had on his three civil cases. *See* Doc. No. 34 at 2. Moreover, Emerick does not point to any clear error in need of correcting that would warrant the motion for reconsideration to be granted.

Further, to the extent Emerick claims I erred in applying judicial immunity to his Section 1985 claim, his position is without merit. As I noted in my ruling granting the motion to dismiss, judges are entitled to absolute immunity for "actions undertaken in the performance of their duties as judges," regardless of the underlying cause of action. *See* Doc. No. 32, at 6; *see also Turner v. Boyle*, 116 F. Supp. 3d 58, 81–82 (D. Conn. 2015) ("That absolute immunity extends to all civil suits, including suits brought under Section 1983 and section 1985."). Emerick's claims are not based on harm caused solely by the judges' out-of-court statements; rather, his claims are primarily based on the judges' rulings dismissing his cases — actions that are

protected by judicial immunity. *See* Doc. No. 32, at 6–7. That the case involves a Section 1985 claim is therefore irrelevant.

Emerick next requests that I "consider the merit of supporting the dissenting opinions" in *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989) — that disagreed with the majority's holding that neither the state nor its officials acting in their official capacities are "persons" subject to suit under section 1983 — and allow Emerick to proceed with his claims for monetary damages against the defendants in their official capacities. *See* Doc. No. 34 at 5. That request cannot be granted — a motion for reconsideration cannot be used to relitigate an issue already decided by this court. Moreover, it is the majority opinion, not the dissent, in *Will* that is binding on me.

Finally, Emerick claims I misstated his claim relating to the right to a jury trial in a divorce and requests relief for that claim.  He specifically claims that he did not invoke the Seventh Amendment right to a jury trial but rather asserted that he had "the right to apply for, and have granted, under the laws, a jury trial in a divorce." *See* Doc. No. 34, at 6–7.  He adds: "There is a huge difference between a guaranteed right to a trial . . . and the right to request one and have it granted. . . ." *See* Doc. No. 34 at 7. That claim is also without merit — as I stated in my ruling granting the motion to dismiss, "a jury *request* under Section 52-218 is not a constitutional right, but is rather a request within complete discretion of the court." *See* Doc. No. 32 at 14 (emphasis added). Therefore, the court *may* choose to grant or deny such a request, and Emerick may not relitigate the issue here.

For the foregoing reasons, I **deny** Emerick's motion for reconsideration. *See* Doc. No. 34.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of March 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

4